Jones, J.
It is well settled in this state that before this writ can be granted the relator must establish a clear right thereto. The prayer of the petition is in the alternative, that the defendant either (1) provide a conveyance for his daughter from his private entrance, or (2) provide shelter for her at a point where she was to meet the conveyance, not more than one-half mile from the private entrance to the relator’s residence.
1. Is the defendant required to provide a conveyance for the relator’s daughter from the private entrance to her residence when the same is one-half mile or less from the point where the conveyance passes the same?
The section of the school law covering that feature of the case, Section 7731, General Code, is as follows:
“In all rural and village school districts where pupils live more than two miles from the nearest school the board of education shall provide transportation for such pupils to and from such school the transportation for pupils living less than two miles from the school house by the nearest prac *449 ticable route for travel accessible to such pupils shall be optional with the board of education. When transportation of pupils is provided the conveyance must pass within one-half mile of the residence of such pupils or the private entrance thereto.”
It will at once be seen that the quoted section of the law provides that transportation for pupils living less than two miles from the nearest schoolhouse by the nearest practicable route for travel shall be optional with the board of education, but that transportation for pupils living more than two miles from the nearest school must be provided by the board. When transportation is provided for pupils the conveyance is only required to “pass within one-half mile of the residence of such pupils or the private entrance thereto ”
Since the petjtion alleges that the conveyance passes within one-half mile of the relator’s residence the statute is fully complied with and the relator is not entitled to relief under that section.
2. However, if that relief be denied, the relator asks that shelter be provided for his daughter at the point where she is required to meet the conveyance, a point which is somewhat less than one-half mile from the private entrance to her residence. The following statement is found in the brief of relator’s counsel: “The girl and her father, the relator, are willing for her to walk about one-half mile from the private entrance to her residence to meet the conveyance furnished by the defendant to take her to such school provided it furnish shelter for the use of said girl and make the same com *450 fortable in cold and stormy weather where she is to meet said conveyance.”
Since there is no provision of law requiring the defendant in this situation to transport the child from her residence, is the defendant required to furnish a depot or shelter for the child at the point where the conveyance passes nearest her residence ? The action of the board of education in that regard is controlled by the following section of the school law, Section 7731-1, General Code:
“The boards of education of city, village or rural school districts may by resolution designate certain places as depots from which to gather children for transportation to school, when such districts provide transportation. The places designated as depots shall be provided with a shelter and be made comfortable during cold and stormy weather. Such depots shall in no case be more than one-half mile from the residence or the private entrance to such residence of pupils who are compelled to use such depots.”
A reading of this section discloses clearly that the designation of places as depots to gather children for transportation is not mandatory, but discretionary with the board. The statute says the board “may by resolution designate certain places as depots.” However, if this discretion is exercised, and the places are designated, the statute provides that such depots shall be provided with shelter. The relator, therefore, has not established a clear right to this relief, for the statute has placed this function within the discretion of the board of education. It might be added that the language of that section *451 clearly Imports that these places designated by the board are places or depots “from which to gather children for transportation.” In thus using the word in the plural it is evident these depots are not to be utilized at a point where a single child should be required to meet the public conveyance, and upon that feature of the case the defendant would not be entitled to the relief asked.
The demurrer to the petition is sustained, and the relator not desiring to plead further judgment is here entered upon the demurrer and the writ is denied.

Writ denied.

Marshall, C. J., Wanamaker and Matthias, JJ., concur.